**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| Alfred Maurice Blackley, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | Civil Action No. 12-738-CG |
| | ) | |
| v. | ) | Criminal No. 10-143-CG-N |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Alfred Maurice Blakely,[1] a federal prison inmate proceeding *in forma pauperis*, has filed a timely motion to vacate, set aside, or correct his sentence, and brief in support, pursuant to 28 U.S.C. § 2255 (Doc. 76). The United States has filed a response in opposition (Doc. 78). And Blakely has replied. (Doc. 79.) This action is now before the undersigned United States Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Proceedings. For the reasons explained herein, it is **RECOMMENDED** that Blakely's § 2255 petition be **DENIED** and that the Court find he is not entitled to a certificate of appealability and therefore is not entitled to appeal *in forma pauperis*.

---

[1] While the petitioner's last name is spelled "Blackley" on this Court's docket sheet (probably because that is how it is spelled in the indictment), as the Eleventh Circuit noted in its decision denying his direct appeal, the petitioner "asserted below that his name is properly spelled 'Blakely,' and both parties[, at least on direct appeal,] consistently referred to him by this name." *United States v. Blackley*, 439 Fed. App'x 803, 804 n.1 (11th Cir. Aug. 29, 2011) (per curiam). Accordingly, the undersigned will also refer to the petitioner as "Blakely."

# I.  <u>Underlying Criminal Case</u>

A three-count indictment was returned against Blakely in June 2010.  The indictment contained one count of possession with intent to distribute approximately 29 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 1); one count of possession with intent to distribute 15 grams of crack cocaine, in violation of § 841(a)(1) (Count 2); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of § 924(c)(1).  (*See* Doc. 1.)  In July 2010, Blakely was arrested, arraigned, and detained (*see* Docs. 3, 4, 7-10), and Andrew Jones, a member of the Court's Criminal Justice Act (CJA) Panel was appointed to represent Blakely in this Court (*see* Doc. 6).  Mr. Jones filed a motion to suppress (Doc. 13; *see also* Doc. 19 (amended motion)), which was argued before— and denied by—the Court on August 10, 2010 (*see* Doc. 21).[2]

In October 2010, following a brief jury trial presided over by United States Judge Callie V. S. Granade, Blakely was convicted on all counts.  (*See* Docs. 41, 43, 66, and 68.)  On January 13, 2011, Blakely was sentenced to 120 months (60 months each as to the first two counts, to be served concurrently; and 60 months as to Count 3, to be served consecutively to the terms imposed as to Counts 1 and 2).  (*See* Doc. 53.)  Blakely appealed to the Eleventh Circuit, which affirmed his sentence.[3]  (Doc. 73.)  *See also United States v. Blackely*, 439 Fed. App'x 803 (11th

---

[2]  Mr. Jones moved to withdraw (*see* Doc. 23), which the Court granted, and Attorney Art Powell was appointed to represent Blakely (*see* Doc. 27).

[3]  Attorney Richard Shields was appointed to represent Blakely on appeal.  (See Docs. 55-57.)

Cir. Aug. 29, 2013) (per curiam).

## II.   <u>Collateral Attack</u>

Through his § 2255 petition, Blakely alleges he was deprived of "the effective assistance of counsel guaranteed by the Sixth Amendment."   *Strickland v. Washington*, 466 U.S. 668, 706 (1984) (Brennan, J., concurring).

### A.   **Ineffectiveness Standard**

To establish his claims of ineffective assistance of counsel, Blakely is required to show ***both*** that his counsel's conduct fell below "an objective standard of reasonableness"—the "performance prong"—***and*** that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different—the "prejudice prong."   *See generally Strickland v. Washington*, 466 U.S. 668 (1984).   He "bears the burden of proof" as to both prongs—"both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001), *cert. denied sub nom. Johnson v. Nagle*, 535 U.S. 926 (2002); *accord Cooper v. Secretary, Dep't of Corr.*, 646 F.3d 1328, 1351 (11th Cir. 2011).

To succeed on the performance prong, Blakely "must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."   *Strickland*, 466 U.S. at 687.   "When analyzing ineffective-assistance claims, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance."   *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (citations

3

omitted); *accord Michael v. Crosby*, 430 F.3d 1310, 1320 (11th Cir. 2005). That

"presumption of reasonableness is even stronger when we are reviewing the

performance of an experienced trial counsel." *Callahan v. Campbell*, 427 F.3d 897,

933 (11th Cir. 2005). As the Supreme Court has more recently explained,

> "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S. at 689-90. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Id.* at 690.

*Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 788 (2011) (some internal

citations modified or omitted); *see also Pair v. Cummins*, 373 Fed. App'x 979, 981-82

(11th Cir. Apr. 20, 2010) (per curiam) ("The performance prong['s] . . . standard is

that of a reasonable attorney, not a 'paragon of the bar' or an 'Aristotle' or a

'Clarence Darrow.'" (quoting *Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007);

*Yarborough v. Gentry*, 540 U.S. 1, 11 (2003))); *Gonzalez v. United States*, Nos. 09–

22386–Cv–JORDAN; 07–20759–Cr–JORDAN, 2010 WL 2367356, at *5 (S.D. Fla.

Apr. 21, 2010) ("The court's role in reviewing ineffective assistance of counsel claims

is not to 'grade a lawyer's performance; instead, [the court] determine[s] only

whether a lawyer's performance was within 'wide range of professionally competent

assistance.'" (quoting *Van Poyck v. Florida Dep't of Corr.*, 290 F.3d 1318, 1322 (11th Cir. 2002))), *report and recommendation adopted*, 2010 WL 2366531 (S.D. Fla. June 14, 2010).

The test for deficiency, moreover, "is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more." *Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) (*en banc*). Rather, the inquiry under *Strickland* is limited to "whether some reasonable lawyer could have acted, in the circumstances, as defense counsel acted . . . ." *Conklin v. Schoefield*, 366 F.3d 1191, 1204 (11th Cir. 2004) (quoting *Waters*, 46 F.3d at 1518); *see also Moreno v. United States*, Criminal No. 1:06–CR–461–CC–GGB; Civil Action No. 1:10–CV–0164–CC–GGB, 2012 WL 7829200, at *4 (N.D. Ga. Mar. 13, 2012) ("The test [for deficiency] has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." (quoting *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992))), *report and recommendation adopted*, 2013 WL 1339718 (N.D. Ga. Apr. 1, 2013); *id.* ("[P]etitioner must demonstrate that 'no competent counsel would have taken the action that his counsel did take.'" (quoting *United States v. Freixas*, 332 F.3d 1314, 1319-20 (11th Cir. 2003))).

And, in order to avoid "the distorting effects of hindsight,"[4] a habeas court

---

[4] "*Strickland* anticipated the temptation 'to second-guess counsel's assistance after conviction or adverse sentence' and cautioned that '[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate

must "evaluate the reasonableness from counsel's perspective at the time of the alleged error in light of all circumstances of the case." *Griffin v. United States*, 204 Fed App'x 792, 794-95 (11th Cir. Oct. 25, 2006) (per curiam) (citing *Strickland*, 466 U.S. at 690). Likewise, "[t]actical decisions regarding trial strategy are left to the sound judgment of counsel and are entitled to a 'strong presumption' of competence." *Kearney v. United States*, Nos. 2:04–CR–15–1–BO; 2:09–CV–55–BO, 2010 WL 2402887, at *2 (E.D.N.C. June 14, 2010) (quoting *Strickland*, 466 U.S. at 689, and citing *Bell v. Cone*, 535 U.S. 685, 698 (2002)). For a petition challenging chosen trial strategies to be successful, therefore, it must not be "devoid of the factual basis that is required to show that counsel's tactics were manifestly unreasonable." *Id.*

In addition, to succeed on an ineffective assistance claim, Blakely "must affirmatively prove prejudice[.]" *Butcher v. United States*, 368 F.3d 1290, 1294 (11th Cir. 2004). And "that the errors had some conceivable effect on the outcome of the proceeding" is not sufficient proof of prejudice. *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (alteration in original) (quoting *Strickland*, 466 U.S. at 693); *see also Evans v. Secretary, Fla. Dep't of Corr.*, 699 F.3d 1249, 1270 (11th Cir. 2012) (under *Strickland*, "a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors," and that "[t]he likelihood of a different result must be substantial, not just conceivable" (citations omitted)).

---

the conduct from counsel's perspective at the time.'" *Rompilla v. Beard*, 545 U.S. 374, 408 (2005) (Kennedy, J., dissenting) (quoting 466 U.S. at 689)).

Finally, when applying the *Strickland* standard, it is clear that courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998) (citation omitted), *cert. denied sub nom. Oats v. Moore*, 527 U.S. 1008 (1999); *see also Butcher*, 368 F.3d at 1293 ("[O]nce a court decides that one of the requisite showings has not been made it need not decide whether the other one has been.").

**B.     IAC Claims**

The undersigned will address Blakely's four grounds for ineffective assistance of counsel in turn:

> <u>**Ground One:**</u>     **Trial counsel Andrew Jones rendered ineffective assistance by failing to argue that Blakely "was seized as the result of a *Terry* stop."**

Blakely first asserts that ***how*** Mr. Jones characterized Blakely's initial encounter with City of Mobile Police Officer Patrick McKean—as "a consensual encounter"—caused Blakely to lose his motion to suppress.  (Doc. 76 at 21-22.)  As stated in Blakely's petition,

> [b]y arguing that this encounter was consensual, Jones effectively conceded the point that the police had lawfully interacted with [Blakely].  Assuming arguendo that this was true, it meant that the police officers['] actions were justified in patting down [Blakely] and inspecting his immediate area.  It is because of this line of reasoning, conceded by Jones, that Petitioner lost his suppression hearing.

(*Id.* (further asserting that additional argument by Attorney Jones "compounded his error").)

Related to this argument, Jones stated the following at the suppression hearing:

There's encounters [sic] in which a police officer seeks to communicate with a citizen without coercion or detention, which would otherwise be prescribed -- proscribed by the Fourth Amendment. That's what we had initially here, Judge, when Officer McKean was talking to Mr. Blakely and asking him where he lived and so forth.

The second type is the *Terry*-type seizure that must be founded on reasonable suspicion.

And finally there's a full-scale arrest, requiring probable cause.

There's no question here that we went straight from the first of those three to the third of those three . . . .

(Doc. 33, suppression hearing tr., at 24:25-25:11.)

Contrary to Blakley's and his counsel's theories, however, this Court (and subsequently the Eleventh Circuit) found that there was reasonable suspicion to initially detain Blakely for investigatory purposes and that the resulting initial pat-down was justified under *Terry*. As the District Judge stated, from the bench, at the conclusion of the suppression hearing,

Even if Officer McKean[, the officer who detained Blakely,] didn't have actual knowledge of why his partner had indicated to him to detain or arrest this defendant, if he didn't have actual knowledge, then ***I certainly think he had a right to detain him at that point based upon whatever his partner had seen in the vehicle, to do some investigation.*** By the time he tried to pat him down and found the cocaine in his pocket, then he had actual knowledge and probable cause to arrest him. So I think that, under the circumstances, he would have had the right to arrest him based upon what Officer Molyneaux saw, even if he didn't know what it was, if his partner tells him to go ahead and detain him.

(Doc. 33 at 27:12-22 (emphasis added).[5]); *see also Blakely*, 439 Fed. App'x at 805

---

[5]     Officer McKean testified that during "the short time" he spoke with Blakely, while attempting to verify where Blakely lived,

Sergeant Molyneaux walked up, walked past us, walked up to the vehicle, went around to the passenger side, shined the flashlight in it, and he walked

("[A]n investigatory detention requires only reasonable suspicion . . . .").

As further explained by Eleventh Circuit, in Blakely's direct appeal, "the officers had at least reasonable suspicion that criminal activity was afoot at the moment when one officer, Sgt. Molyneaux, saw what he believed to be crack cocaine and plastic bags on the floor of the driver's side of the vehicle next to which Blakely had been standing." *Id.* at 805-06 (citing *Maryland v. Pringle*, 540 U.S. 366, 371-72 (2003) (an officer has probable cause to arrest all occupants of a vehicle based on drugs and cash found in the vehicle)).

> At that moment, Officer McKean was talking to Blakely, and when Molyneaux saw what he believed to be crack cocaine, he signaled McKean to detain Blakely. ***Given these circumstances, the officers were entitled briefly to detain Blakely and to conduct a pat-down.*** Accordingly, the first pat-down of Blakely—which resulted in the discovery of cocaine—was properly conducted as a *Terry* stop. Once drugs were discovered in Blakely's pocket, the officers had probable cause to arrest him. The second pat-down of Blakely—which yielded a loaded, stolen gun secreted in a holster inside a second pair of pants Blakely was wearing—was therefore properly conducted as a search incident to arrest.

*Id.* at 806 (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *United States v. Floyd*, 281 F.3d 1346, 1348 (11th Cir. 2002)) (emphasis added).

Accordingly, even if Mr. Jones had not "conceded . . . that [Blakely's] arrest resulted after a consensual encounter" (Doc. 76 at 21), Blakely has not affirmatively proven *Strickland* prejudice, by showing that the result of the suppression hearing

---

around to the driver side, looked inside the vehicle. And then, soon as when he got finished looking in the car, he looked over, he got my attention and indicated to me to arrest Mr. Blakely.

(*Id.* at 9:18-23.)

would have been different absent any alleged error caused by how Mr. Jones characterized the officers' initial encounter with Blakely. *See Evans*, 699 F.3d at 1270; *see also United States v. Smith*, 415 Fed. App'x 826, 827-28 (9th Cir. Feb. 24, 2011) (per curiam) ("The district court did not err in rejecting Smith's ineffective assistance of counsel claim premised on failure to argue that the police lacked consent to search his entire car, or in denying Smith's motion for an evidentiary hearing on this claim, because Smith failed to allege specific facts which, if true, would entitle him to relief . . . . Because the district court correctly denied Smith's suppression motion on [an] alternate ground, any error by Smith's counsel in raising Smith's lack of consent claim would not have affected the outcome of the suppression motion. Therefore, Smith's ineffective assistance of counsel claim cannot prevail." (citations omitted)); *cf. Garza v. United States*, Civil Action No. 12–00033–CG; Criminal No. 07–00349–CG–C, 2013 WL 5529600, at *12 (S.D. Ala. Oct. 4, 2013) ("[H]ad trial counsel successfully moved to suppress the same evidence suppressed by the New York state court, Garza still cannot make the requisite *Strickland* showing that the result of the underlying proceeding would have been different in light of [other trial evidence]." (citations omitted)).

> **Ground Two:** **Trial counsel Art Powell rendered ineffective assistance by failing to renew the motion to suppress.**

Blakely next argues that his second trial counsel, Art Powell, was constitutionally ineffective by failing to renew the motion to suppress. (*See* Doc. 76 at 24-27.) This ground is also without merit.

First, Mr. Powell presented Blakely's intent to renew the suppression motion

at the start of Blakely's trial, outside the presence of the jury, and the Court

responded that it would not "redecide [the] issue." (*See* Doc. 68, trial tr., at 5:10-

9:7.) District Judge Granade explained in part,

> Mr. Blakely, your lawyer is correct. [The suppression] issue has already been decided by the Court. I will not redecide that issue. The only thing you can do about that, if you're dissatisfied with that ruling, is if you are convicted in this case that can be part of your appeal to the Court of Appeals. But absent that, there will be no reconsideration of that motion unless, as Mr. Powell said, something happens during the testimony that would indicate that there was something wrong with the evidence presented at the suppression hearing.

(*Id.* at 7:7-16.)

True, as Blakely complains, during the trial, Mr. Powell elected not to renew

the motion to suppress based on testimony elicited. (*See* Doc. 68 at 26 ("[O]nce new

testimony was offered which was not available during the initial suppression

hearing, [ ] Powell had the opportunity to renew the motion to suppress . . . . In fact,

Powell does a masterful job of eliciting precisely the testimony which[, in Blakley's

opinion,] would be necessary to win a renewed motion. Yet, when it seems that

Powell is just about to do the right thing, he moves on and seemingly forgets this

line of reasoning. As such, the Court must now consider whether a reasonable

attorney would fail to renew a motion to suppress once new evidence was available

which would support said motion . . . .").) But, based principally on the Eleventh

Circuit's consideration of—and its decision affirming District Judge Granade's

ruling regarding—the suppression motion, Blakely has not ***shown*** that Mr. Powell

was constitutionally ineffective for failing to renew the suppression motion during

trial. *Compare, e.g., Maxwell v. United States*, No. 5:06-cv-319(CAR); Criminal No.

5:03-cr-93 (DF/CAR), 2007 WL 1545145, at *2 (M.D. Ga. May 24, 2007). ("Maxwell contends that his counsel was ineffective by failing to request the District Court to reconsider its ruling on his pretrial motion to suppress evidence. Petitioner's contention results from a change in the testimony of the Police Officer who stopped Petitioner's vehicle upon observing that Petitioner was not wearing a seat belt. . . . . Petitioner's Attorney did not renew her motion to suppress the evidence gained from the stop, but elected to raise the issue upon direct appeal. ***The decision not to ask for reconsideration of the District Court but rather raise the issue on direct appeal was a strategic decision obviously based on counsel's experience with the difficulty in getting a ruling on suppression reversed on a minor point in the District Court.*** . . . Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one. There is no merit [to this] [c]laim . . . ." (citing *Atkins v. Singletary*, 965 F.2d 952, 958 (11th Cir. 1992) (Courts "should always presume strongly that counsel's performance was reasonable and adequate."); *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993) ("[A] a court should be highly deferential to [ ] choices . . . that are arguably dictated by a reasonable trial strategy.")) (emphasis added)), *with Kearney*, 2010 WL 2402887, at *2 (to successfully challenge a chosen trial strategy, a petitioner must "***show*** that counsel's tactics were manifestly unreasonable" (emphasis added)); *cf., e.g., Choullam v. United States*, Nos. 05 Cr 523(LTS), 10 Civ.

5257(LTS), 2011 WL 3962601, at *3 (S.D.N.Y. Sept. 6, 2011) ("Choullam's third claim is closely related to his second—namely, that counsel's failure to renew the suppression motion at trial was itself ineffective assistance. . . . Given that the Court had denied the motion shortly before the trial commenced, counsel was under no obligation to renew a motion that was virtually certain to fail. 'Counsel certainly is not required to engage in the filing of futile or frivolous motions.'" (quoting *United States v. Nersesian*, 824 F.2d 1294, 1322 (2d Cir. 1987))); *accord Pitcher v. United States*, No. 10 CV 3454(ARR), 2011 WL 809648, at *4 (E.D.N.Y. Feb. 28, 2011).

**Ground Three:  Trial counsel Art Powell rendered ineffective assistance by failing to conduct a pretrial investigation.**

In this third ground for relief, under a theory that Mr. Powell was ineffective because he failed to conduct an independent investigation (or one satisfactory to Blakely), Blakely contends that the testimony of his mother and sister, who he states "witnessed much of what occurred" the night Blakely was arrested, "would have provided valuable insight into the manner of the officer's arrival, the officer's conduct at the scene, the location of [Blakely] and the [vehicle], proof of residency concerning [Blakely], and the lack of consent to search the private property."  (Doc. 76 at 29.)  Blakely also insists that Mr. Powell should have visited the scene.  (*See id.*)

Just as "[n]o absolute rules dictate what is reasonable performance for lawyers[,] . . . no absolute duty exists to investigate particular facts or a certain line of defense.   Under *Strickland*, counsel's conducting or not conducting an investigation need only be reasonable to fall within the wide range of competent

assistance." *Chandler v. United States*, 218 F.3d 1305, 1317 (11th Cir. 2000) (*en banc*) (citing *Strickland*, 466 U.S. at 688-89, 691) (other citations omitted). Counsel, moreover, "need not always investigate before pursuing or not pursuing a line of defense. Investigation (even a nonexhaustive, preliminary investigation) is not required for counsel reasonably to decline to investigate a line of defense thoroughly." *Id.* at 1318 (citing *Strickland*, 466 U.S. at 690-91) (footnote and other citations omitted); *accord Hittson v. GDCP Warden*, --- F.3d ----, 2014 WL 3513033, at *48 (11th Cir. July 9, 2014) (further explaining, "In assessing the reasonableness of an attorney's investigation . . . a court must consider not only the quantum of evidence already known to counsel, ***but also*** whether the known evidence would lead a reasonable attorney to investigate further." (quoting *Wiggins v. Smith*, 539 U.S. 510, 527 (2003)) (emphasis added)).

Although what Blakely identifies in this petition appears to be a particular line of defense, with identified sources of evidence, he has failed to explain how any evidence from this further investigation would have either exculpated him or, moreover, explain with particularity how it would have been helpful to him. Merely stating that a defendant's family members, even if present at the time of arrest, "would have provided valuable insight" had they been interviewed and/or testified does not equate to specifying how missing evidence could have changed the outcome of the trial. Blakely fails, for example, to provide the Court—through an affidavit or declaration from his mother and/or sister—the specific testimony his mother and/or sister would have provided (and explain how that testimony would have benefited

Blakely at trial). Thus, Blakely has not shown that any failure to investigate by Mr. Powell prejudiced Blakely, and this ground for relief also fails. *See, e.g., Candelario v. United States*, No. 6:10–cv–1666–Orl–22DAB; Criminal Case No. 6:07–cr–211–Orl–22DAB, 2012 WL 4466484, at *4 (M.D. Fla. Sept. 27, 2012) ("As to the pretrial investigation, Petitioner has not identified any exculpatory evidence that counsel failed to locate, and his bald assertions are inadequate to overcome the presumption that counsel acted reasonably. As to the uncalled witnesses, Petitioner has not submitted an affidavit from the uncalled witness stating the testimony he or she would have given had they been called at trial. To show prejudice, the petitioner must show not only that the uncalled witness's testimony would have been favorable, but also that the witness would have testified at trial. Here, Petitioner fails to meet either prong of *Strickland* since he has not demonstrated that the testimony of these witnesses would have been favorable or that these witnesses would have actually testified at trial." (citations omitted)).

> **Ground Four:** **Appellate counsel Richard Shields rendered ineffective assistance "by refusing to raise vital issues on appeal despite [Blakely's] request."**

The "vital issue[]" Blakely contends Mr. Shields failed to raise on appeal again concerns Blakely's Fourth Amendment claim; again, specifically whether the initial encounter with police was consensual. (*See* Doc. 76 at 31-32.) As is obvious from the discussion above, Mr. Shields raised a Fourth Amendment claim to the Eleventh Circuit; that claim was rejected. While Blakely contends the appellate brief Mr. Shields drafted "gave mere lip service to the Fourth Amendment issues" (Doc. 76 at 31), Mr. Shields explained to Blakley on two occasions that a Fourth

Amendment argument would be presented on appeal, but that that "issue ha[d] little chance of prevailing." (*See* Doc. 76 at 41, 46).[6]

While Blakely cites *Green v. Johnson*, 160 F.3d 1029 (5th Cir. 1998) for the proposition that Mr. Shields "was obligated to present such issues as his client [ ] requested so long as those issue[s] were not frivolous" (Doc. 76 at 31 (citing 160 F.3d at 1043), this statement misconstrues the standard for effective assistance of appellate counsel. As stated in the very case he cites, "On appeal, effective assistance of counsel ***does not mean counsel who will raise every nonfrivolous ground of appeal available***. Rather, it means, as it does at trial, counsel performing in a reasonably effective manner." *Green*, 160 F.3d at 1043 (citing *Evitts v. Lucey*, 469 U.S. 387, 394-95 (1985); *West v. Johnson*, 92 F.3d 1385, 1396 (5th Cir. 1996)) (emphasis added); *see also Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997) ("A hallmark of effective appellate counsel is the ability to weed out claims that have no likelihood of success, instead of throwing in a kitchen sink full of arguments with the hope that some argument will persuade the court." (citing

---

[6]     On April 22, 2011, in a cover letter forwarding Blakely's appellate brief, Mr. Shields wrote

> I have received your letters and realize that you were most interested in raising a Fourth Amendment issue which I have done. Please be advised that I am limited to what was in the record and frankly believe the Fourth Amendment issue has little change of prevailing; however, I am often surprised by the Eleventh Circuit's rulings.

(Doc. 76 at 41 (further discussing the Fair Sentencing Act issue raised in the brief).) On May 17, 2011, in response to a May 9, 2011 letter from Blakely, concerning the specifics of the Fourth Amendment claim on appeal and responding to Mr. Shields's last letter, Shields wrote that while he "appreciate[d] Blakely's] observations" concerning the same, he "believe[s] that the brief adequately covers the issues related to the Fourth Amendment Search and Seizure." (*Id*. at 46.)

*Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989))); *cf. Philmore v. McNeil*, 575 F.3d 1251, 1265 (11th Cir. 2009) ("Counsel's performance will be deemed prejudicial if we find that 'the neglected claim would have a reasonable probability of success on appeal.'" (quoting *Heath v. Jones*, 941 F.2d 1126, 1132 (11th Cir. 1991))).

Mr. Shields representation of Blakley on direct appeal was reasonable. And Blakley clearly has not shown that Mr. Shields was constitutionally ineffective for not framing the Fourth Amendment issue precisely as Blakley contends it should have been framed.

### C.  Evidentiary Hearing

This Court "'shall' hold an evidentiary hearing on a habeas petition '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Scott v. United States*, 325 Fed. App'x 822, 824 (11th Cir. Apr. 29, 2009) (per curiam) (quoting 28 U.S.C. § 2255(b)).

> "[I]f the petitioner 'alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim.'" *Aron* [*v. United States*], 291 F.3d [708,] 714-15 (quoting *Holmes v. United States*, 876 F.2d 1545, 1552 (11th Cir. 1989)). Yet the "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Id.* at 715. Thus, the petitioner needs to allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief. If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous," the requirement of an evidentiary hearing is triggered and the petitioner must offer proof at that hearing. *Id.* at 715 n.6.

*Id.*; *accord Lopez v. United States*, 522 Fed. App'x 684 (11th Cir. June 26, 2013) (per curiam) (in which the Eleventh Circuit recently vacated an order denying habeas relief—on the ground that counsel violated a defendant's constitutional right to

testify—and remanded the case for an evidentiary hearing); *see also Williams v. United States*, Civil No. 08-00513-CG-N; Crim. No. 04-00197-CG, 2010 WL 1382762, at *5 (S.D. Ala. Mar. 3, 2010) (setting forth two additional grounds for not conducting an evidentiary hearing: (1) where the petitioner's version of the facts has already been accepted as true (citing *Turner v. Crosby*, 339 F.3d 1247, 1274-75 (11th Cir. 2003)); and (2) where the "the district court can determine the merits of the ineffectiveness claim based on the existing record" (quoting *Schultz v. Wainwright*, 701 F.2d 900, 901 (11th Cir. 1983)))), *report and recommendation adopted*, 2010 WL 1382761 (S.D. Ala. Apr. 1, 2010).

On the existing record, Blakely has not presented non-conclusory facts that, if true, would entitle him to relief. Accordingly, the undersigned finds there is no need for an evidentiary hearing.

### III.   <u>Certificate of Appealability</u>

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 18 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

Blakely is not entitled to a certificate of appealability on his ineffective-

assistance-of-counsel claims. Where a habeas petition is being denied entirely on the merits of an underlying constitutional claim, as is the case for Blakely's IAC claims here, a COA should issue only when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also id.* at 483-84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983), includes a showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (quotation modified). With respect to Blakely's ineffective-assistance-of-counsel claims, the undersigned recommends that the Court find that reasonable jurists could not debate whether his § 2255 motion to vacate should be resolved in a different manner or that any of the remaining issues presented is adequate to deserve encouragement to proceed further. Accordingly, Blakley is not entitled to a certificate of appealability as to these claims.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation, the objecting party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-

C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011)[7]; *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

## IV.    Conclusion

Because the undersigned is of the opinion that, as to his ineffective-assistance-of counsel claims, Blakely has not shown that his rights were violated, it is **RECOMMENDED** that the motion be **DENIED**.    It is **FURTHER RECOMMENDED** that the Court find that the petitioner is not entitled to a certificate of appealability and, therefore, is not entitled to appeal *in forma pauperis*.

## V.    Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.    Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.    *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.    In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

---

[7]    It should be noted that in that proceeding, the Eleventh Circuit (Judge Hull) also denied the petitioner's motion for certificate of appealability, on October 11, 2011.    (*See* Doc. 14 in CA-11-0165-WS-C.)

Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the <u>11th</u> day of September, 2014.

           */s/ Katherine P. Nelson*
           **KATHERINE P. NELSON**
           **UNITED STATES MAGISTRATE JUDGE**